# EXHIBIT A

ELECTRONICALLY FILED - 2021 Sep 24 4:52 PM - CHARLESTON - COMMON PLEAS - CASE#2021CP1004426

STATE OF SOUTH CAROLINA ) IN THE COURT OF COMMON PLEAS
) FOR THE NINTH JUDICIAL CIRCUIT
COUNTY OF CHARLESTON )
CASE NO.:
John P. Seibels, III, )
)
Plaintiff, )
)
v. ) **Summons**
)
National Car Cure, LLC, a Florida )
Limited Liability Company, )
)
Defendant. )
)
)
)

**You are hereby summoned** and required to answer the complaint herein, a copy of which is herewith served upon you, and to serve a copy of your answer to this complaint upon the subscriber, at the address shown below, within thirty (30) days after service hereof, exclusive of the day of such service, and if you fail to answer the complaint, judgment by default will be rendered against you for the relief demanded in the complaint.

SEIBELS LAW FIRM, P.A.

s/ John P. Seibels, Jr.
John P. Seibels, Jr. (66506)
jseibels@seibelsfirm.com
38 Broad Street, Suite 200
Charleston, SC 29401
843.722.6777 (phone)
843.722.6781 (telefax)
**Attorneys for John P. Seibels, III**

September 24, 2021
Charleston, SC

ELECTRONICALLY FILED - 2021 Sep 24 4:52 PM - CHARLESTON - COMMON PLEAS - CASE#2021CP1004426

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | FOR THE NINTH JUDICIAL CIRCUIT |
| COUNTY OF CHARLESTON | ) | |
| | ) | CASE NO.: |
| John P. Seibels, III, | ) | |
| | ) | **Complaint** |
| Plaintiff, | ) | |
| | ) | **Violations of the Telephone Consumer** |
| v. | ) | **Protection Act** |
| | ) | |
| National Car Cure, LLC, a Florida | ) | **Violations of the South Carolina Telephone** |
| Limited Liability Company, | ) | **Privacy Protection Act** |
| | ) | |
| Defendant. | ) | **Violations of the South Carolina Unfair Trade** |
| | ) | **Practices Act** |
| | ) | |
| | ) | **Jury Trial Demanded** |
| | ) | |

The Plaintiff above named, by and through the undersigned attorneys, alleges and shows as follows:

1.    Plaintiff is a citizen and resident of the County of Charleston, State of South Carolina.

2.    Defendant is a limited liability company domiciled in the State of Florida which regularly transacts business in South Carolina.

3.    This court has personal and subject matter jurisdiction over the matters alleged herein.

4.    Venue in the Charleston County Court of Common Pleas is appropriate.

5.    Defendant is a telemarketer engaged in the business of selling vehicle service contracts, often improperly described as "warranties" and "policies", to consumers on behalf of vehicle service contract administrators around the country.  Defendant, in its attempts to secure new customers for its vehicle service contract administrator partners, engages in aggressive, widespread telemarketing campaigns which often step outside of the law.

ELECTRONICALLY FILED - 2021 Sep 24 4:52 PM - CHARLESTON - COMMON PLEAS - CASE#2021CP1004426

6.    Defendant uses an automatic telephone dialing system ("ATDS") to make unsolicited telemarketing calls to cell phone numbers.  Such calls are unlawful unless made with prior express consent – which Defendant never obtained from Plaintiff.

7.    Defendant makes repeated calls to numbers listed on the National Do Not Call Registry.

8.    Defendant knowingly made, and continues to make, repeated autodialed telemarketing calls to cellphone owners without the prior express consent of the recipients and to consumers whose numbers have been listed on the National Do Not Call Registry for at least 30 days. As such, Defendant not only invaded the personal privacy of Plaintiff and others, it also intentionally and repeatedly violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*, a federal statute enacted in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices.

9.    The TCPA was enacted to protect consumers from unsolicited telephone calls like those alleged in this case.

10.    Plaintiff is the owner and customary user of a cellphone number ending in 0809.

11.    At no time did Plaintiff provide his cellphone number to Defendant or provide Defendant, or any of Defendant's agents, parents, or affiliates with prior express consent to call him.

12.    At all times relevant hereto, and for a period of at least thirty (30) days prior to the relevant period of time, Plaintiff's cellphone number was and remains registered on the Do Not Call Registry.

13.    Plaintiff received an unsolicited call to his cell phone from Defendant on June 10, 2020.

14.    Plaintiff heard a pause and click on the initial call, indicative of an automatic

2

ELECTRONICALLY FILED - 2021 Sep 24 4:52 PM - CHARLESTON - COMMON PLEAS - CASE#2021CP1004426

telephone dialing system or "ATDS." This equipment had the present capacity to generate and store random or sequential numbers and to dial them. The system functioned similarly to a predictive dialer and allowed Defendant to make calls *en masse* without human intervention.

15.    When Plaintiff received a call from Defendant, there was no one on the other line until he said "Hello" multiple times, indicating that the call was dialed automatically by a computer from a stored file or list.

16.    Then an individual identified himself as calling from "National Dealer Service," and used a scripted sales pitch to sell a vehicle service contract.

17.    To confirm that the call was placed on behalf of National Car Cure, LLC and its vehicle service contract administrator clients, a credit card charge was permitted to made at 1:54 PM eastern time for $185.00, as a down payment on contract number MPF083913.

18.    According to the credit card record, the charge was made by National Car Cure.

19.    The call was made by agents or employees of Defendant at the direction and oversight of Defendant. Defendant knew about, directed, ratified, and benefitted from the call.

20.    Prior to receiving the above-referenced call, Plaintiff had no relationship with Defendant, had never provided his telephone number directly to Defendant, and had never requested that Defendant place calls to him or to offer him any services. Simply put, Plaintiff has never provided any form of prior express consent to Defendant to place telemarketing calls to his cellphone number and has no business relationship with Defendant.

21.    Defendant was, and remains, aware that the above-described telemarketing calls were made to consumers like Plaintiff who never provided prior express consent to receive them.

22.    As a result of the conduct alleged herein, Defendant has caused Plaintiff actual harm. This includes the aggravation, nuisance and invasions of privacy that result from the placement and receipt of such calls, wear and tear caused to his telephone (e.g. consumption of

ELECTRONICALLY FILED - 2021 Sep 24 4:52 PM - CHARLESTON - COMMON PLEAS - CASE#2021CP1004426

battery life, minutes and data), lost ability to place outgoing calls and other interruption in use. Plaintiff suffered other diminished use, enjoyment, value, and utility of his cellphone and cellphone plan, including all hardware and software components.

## FOR A FIRST CAUSE OF ACTION
### Violation of 47 U.S.C. § 227, *et seq.*

23.    Plaintiff incorporates the foregoing allegations as if fully set forth herein.

24.    Defendant made or caused to be made one or more calls to Plaintiff's cellphone.

25.    These calls were made using equipment that had the capacity to store or produce telephone numbers using a random or sequential number generator, to receive and store lists of phone numbers, and to dial such numbers, *en masse*, without human intervention. The telephone dialing equipment utilized by Defendant, also known as a predictive dialer, dialed numbers from a list, or dialed numbers from a database of telephone numbers, in an automatic and systematic manner. Defendant's autodialer disseminated information *en masse* to Plaintiff and other consumers and is an ATDS under the TCPA.

26.    The calls were for telemarketing purposes, specifically to apprise Plaintiff of the availability of certain vehicle service contract administrator's products and services.

27.    Plaintiff never provided prior express consent under the TCPA to be called by Defendant.

28.    As a result of Defendant's unlawful conduct, Plaintiff suffered actual damages and, under section 47 U.S.C. § 227(c)(5), Plaintiff is entitled to receive up to $500 in damages for each violation of 47 C.F.R. § 64.1200.

29.    Should the Court determine that Defendant's conduct was willful and knowing, the Court may, pursuant to Section 227(c)(5), treble the amount of statutory damages recoverable by Plaintiff.

ELECTRONICALLY FILED - 2021 Sep 24 4:52 PM - CHARLESTON - COMMON PLEAS - CASE#2021CP1004426

30.     Plaintiff is also entitled to incidental injunctive relief and corresponding declaratory relief as necessary to prevent their future receipt of Defendant's unlawful calls.

### FOR A SECOND CAUSE OF ACTION
#### Violation of 47 C.F.R. § 64.1200, *et seq.*

31.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

32.     The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

33.     47 C.F.R. § 64.1200(e), in turn, provides that § 64.1200(c) and (d) are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers to the extent described in the FCC's July 3, 2003 Report and Order.

34.     The July 3, 2003 Report and Order provides as follows:

> The Commission's rules provide that companies making telephone solicitations to residential telephone subscribers must comply with time of day restrictions and must institute procedures for maintaining do-not-call lists. For the reasons described above, we conclude that these rules apply to calls made to wireless telephone numbers. We believe that wireless subscribers should be afforded the same protections as wireline subscribers.[1]

35.     47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:

(1)     Written policy. Persons or entitles making calls for telemarketing purposes

---

[1] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003) Available at https://apps.fcc.gov/edocs_public/attachmatch/FCC-03-153A1.pdf

ELECTRONICALLY FILED - 2021 Sep 24 4:52 PM - CHARLESTON - COMMON PLEAS - CASE#2021CP1004426

must have a written policy, available upon demand, for maintaining a do-not-call list.

(2)  Training of personnel engaged in telemarketing. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.

(3)  Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request . . . .

(4)  Identification of sellers and telemarketers. A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted. The telephone number provided may not be a 900 number or any other number for which charges exceed local or long distance transmission charges.

(5)  Affiliated persons or entities. In the absence of a specific request by the subscriber to the contrary, a residential subscriber's do-not-call request shall apply to the particular business entity making the call (or on whose behalf a call is made), and will not apply to affiliated entities unless the consumer reasonably would expect them to be included given the identification of the caller and the product being advertised.

(6)  Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made.

36.    Plaintiff's cell phone number is on the Do Not Call Registry.

37.    Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, repeated telephone solicitations to Plaintiff and others who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government. These consumers requested

ELECTRONICALLY FILED - 2021 Sep 24 4:52 PM - CHARLESTON - COMMON PLEAS - CASE#2021CP1004426

to not receive calls from Defendant, as set forth in 47 C.F.R. § 64.1200(d)(3).

38.     Defendant also violated 47 C.F.R. § 64.1200(d) by failing to have a written policy regarding do not call requests and by failing to inform or train its personnel regarding any do not call list.

39.     Defendant does not have a current record of consent to place telemarketing calls to Plaintiff.

40.     Defendant violated 47 C.F.R. § 64.1200(d) by initiating calls for telemarketing purposes to wireless telephone subscribers such as Plaintiff, without instituting procedures that comply with the regulatory minimum standards for maintaining a list of persons who request not to receive telemarketing calls from them.

41.     Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and others received more than one telephone call (at least two) in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendant's conduct as alleged herein, Plaintiff suffered actual damages and, under section 47 U.S.C. § 227(c), is entitled, *inter alia*, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

42.     To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by Plaintiff.

**FOR A  THIRD CAUSE OF ACTION**
**Violations of the South Carolina Telephone Privacy Protection Act**
**S.C. Code § 37-21-10 *et seq.***

43.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

44.     The South Carolina Telephone Privacy Protection Act ("SCTPPA"), S.C. Code § 37-21-10 *et seq.* was signed into law on May 18, 2018.

ELECTRONICALLY FILED - 2021 Sep 24 4:52 PM - CHARLESTON - COMMON PLEAS - CASE#2021CP1004426

45.    The SCTPPA regulates telephone solicitors such as the Defendant and protects South Carolina citizens such as the Plaintiff.

46.    Defendant violated the SCTPPA in one or more of the following particulars:

(a) Failing to identify the telephone solicitor's first and last name;

(b) Failing to identify the name of the telephone solicitor's company (National Car Cure);

(c) Failing to identify a telephone number and address at which the telephone solicitor may be contacted;

(d) Failing to offer Plaintiff an option to be added to the telephone solicitor's in house do not call list;

(e) Displaying a false or inaccurate caller identification information on the Plaintiff's telephone, done with the intent to fraud, harass, call upon and wrongfully obtain something of value;

(f) Failing to transmit the telephone number of the telephone solicitor; and

(g) Such other ways as may be shown at trial.

47.    The Defendant's violations of the SCTPPA are willful, such other ways as may be shown at trial.

### FOR A FIFTH CAUSE OF ACTION
**Violation of the South Carolina Unfair Trade Practices Act S.C. Code Ann. § 39-5-10 *et seq.***

48.    Plaintiff incorporates the foregoing allegations as if fully set forth herein.

49.    Defendant creates and/or obtains data that contains falsified consent information in order to justify its illegal scheme.

50.    Those falsified consents are then used by Defendant to justify illegally dialing Plaintiff and others to induce them to purchase vehicle service contracts in South Carolina.

51.    It is a deceptive act by the Defendant to create, use or allow the use of such data when Defendant has been put on notice that the data is false and unreliable.

ELECTRONICALLY FILED - 2021 Sep 24 4:52 PM - CHARLESTON - COMMON PLEAS - CASE#2021CP1004426

52.    Defendant intends to defraud the Plaintiff and other consumers in this manner.

53.    Defendant's actions constitute unfair and deceptive acts and practices in the conduct of the trade of telemarketing.

54.    The conduct affects the public interest in as much as it is capable of repetition, and it utilized to subvert the requirements of federal and state law regarding telemarketing.

55.    As a direct and proximate result of this conduct, Plaintiff has sustained substantial damages for which Defendant is liable.

56.    Given the willful and knowing nature of Defendant's conduct, Plaintiff is entitled to an award against Defendant for actual damages, trebled damages, attorney's fees, and costs pursuant to the South Carolina Unfair Trade Practices Act.  S.C. Code Ann. § 39-5-10 *et seq.*

WHEREFORE, Plaintiff, on behalf of himself, prays for the following relief:

A.    An order declaring that Defendant's actions, as set out above, violate the TCPA;

B.    An injunction requiring Defendant to cease all autodialed telemarketing calls to cellphones whose owners/users have not provided prior express consent, together with a declaration that Defendant used an ATDS in violation of the TCPA;

C.    An injunction requiring Defendant to cease all repeated telemarketing calls to phone numbers listed on the Do Not Call list whose owners/users haven't provided prior express consent;

D.    An award of actual monetary loss from such violations or the sum of five hundred dollars ($500.00) for each violation, plus attorney's fees;

E.    An award of treble damages if willful or knowing violations are shown;

F.    An award to Plaintiff in the amount of $1,000 for each negligent violation and $5,000 for each willful violation of the SCTPPA, as well as his attorney's fees;

9

ELECTRONICALLY FILED - 2021 Sep 24 4:52 PM - CHARLESTON - COMMON PLEAS - CASE#2021CP1004426

G.    An award of damages, treble damages, and attorney's fees under the South Carolina Unfair Trade Practices Act; and

H.    Such other and further relief that the Court deems reasonable and just.

SEIBELS LAW FIRM, P.A.

s/ John P. Seibels, Jr.
John P. Seibels, Jr. (66506)
jseibels@seibelsfirm.com
38 Broad Street, Suite 200
Charleston, SC 29401
843.722.6777 (phone)
843.722.6781 (telefax)
**Attorneys for John P. Seibels, III**

September 24, 2021
Charleston, SC